E-FILED
Friday, 17 October, 2025 11:33:02 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

ALANA HANNANT,

*Plaintiff*,

v.

SARAH D. CULBERTSON MEMORIAL HOSPITAL,

*Defendant*.

Case No. 4:24-cv-04164-SLD-RLH

## ORDER & OPINION

The motions before the Court are Defendant Sarah D. Culbertson Memorial Hospital's (the "Hospital") Motion to Strike, (Doc. 28), and Plaintiff Alana Hannant's ("Hannant") Motion for Leave to File a Second Amended Class Action Complaint Nunc Pro Tunc, (Doc. 29). For the reasons explained below, the Hospital's Motion to Strike is GRANTED in part and DENIED in part. Hannant's Motion for Leave to File a Second Amended Class Action Complaint Nunc Pro Tunc is GRANTED.

### BACKGROUND

The Court assumes familiarity with the facts of this case, which are set forth in its August 20, 2025 Order. (*See* Doc. 24 at 1–3.) The Court thus recounts only the relevant procedural history. On August 20, 2025, the Court issued an Order granting in part and denying in part the Hospital's Motion to Dismiss Hannant's Amended Class Action Complaint. (Doc. 24.) In its Order, the Court informed Hannant that she "may *seek leave to file* another amended complaint by September 10, 2025." (Doc. 24 at 37 (emphasis added).) On that deadline, Hannant filed a Second Amended Class

Action Complaint, (Doc. 27), without first obtaining the Court's leave—as required by the Court's August 20 Order, Civil Local Rule 7.1(F), and Federal Rule of Civil Procedure 15(a).

In response, the Hospital asked the Court to strike Plaintiff's Second Amended Complaint and to give the Hospital additional time to respond to Hannant's First Amended Complaint. (Doc. 28 at 2.) Three days later, Hannant sought the Court's leave to file her second amended complaint, (Doc. 29), and responded to the Hospital's motion to strike (Doc. 30.) In those filings, Hannant acknowledged her failure to obtain leave of court, explaining that it was a procedural oversight. (Doc. 29 at 1.) The Hospital then opposed Hannant's request to amend her complaint. (Doc. 31.)

## Discussion

The Court first considers Defendant's motion to strike under Federal Rule of Civil Procedure 12(f). Because Hannant's Second Amended Complaint—though improperly filed—does not prejudice the Hospital, the Court will deny the motion to strike. The Court then discusses Hannant's request for leave to file her second amended complaint, which the Hospital opposes on futility grounds. The Court finds that Hannant's proposed amendments are not patently futile and that a full-fledged Rule 12(b)(6) analysis would be premature given the lack of briefing. So Hannant's motion will be granted.

### I. The Hospital's Motion to Strike

Hannant's untimely filing of her second amended complaint is not a sufficient reason for this Court to strike it. Rule 12 allows courts to strike from a pleading "an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In ruling on motions to strike, courts have considerable discretion. *See Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Courts generally exercise that discretion to deny motions to strike "unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Tektel, Inc. v. Maier*, 813 F. Supp. 787, 798 (N.D. Ill. 1997).

Here, the Hospital would not be prejudiced by Hannant's procedural misstep. Although filing her Second Amended Complaint without first seeking the Court's leave violated its previous Order (as Hannant herself acknowledges), Hannant corrected her mistake three days after it was called to her attention. The Hospital does not argue—and the Court sees no reason to conclude—that Hannant's premature filing of her complaint without first seeking leave is "clearly prejudicial." *Id.* Striking it would thus be inappropriate.

In asking this Court to rule otherwise, the Hospital cites *Jones v. United Airlines*, No. 11-cv-6374, 2012 WL 6216741 (N.D. Ill. Dec. 13, 2012). But that case does not compel a different result. There, the plaintiff improperly filed an amended complaint in response to the defendant's motion for summary judgment, long after discovery had closed. *See id.* at *10. The plaintiff repeatedly attempted to circumvent the Federal Rules of Civil Procedure and the Civil Local Rules by amending his pleadings without first seeking the court's leave. *See id.* Hannant has done no such thing here. The Hospital's Motion to Strike is therefore denied.

## II. Hannant's Motion for Leave to Amend

The Court turns to Hannant's Motion for Leave to Amend. Federal Rule of Civil Procedure 15(a) directs courts to freely grant leave to amend "when justice so requires." Elaborating on this directive, the Seventh Circuit has instructed courts to allow amendments unless the party requesting one has (1) engaged in undue delay, (2) makes the request in bad faith, or (3) has repeatedly failed to cure deficiencies with prior amendments. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Leave to amend should also be denied if it would (4) cause prejudice to the opposing party or (5) be futile. *See id.*

The Hospital does not seriously contend—and the Court does not find—that the first four grounds apply. First, Hannant's failure to seek the Court's leave before filing her Second Amended Complaint did not unduly delay these proceedings. To the contrary, Hannant's filing was timely (albeit procedurally improper). Even if Hannant had sought the Court's leave when she filed her complaint, the Hospital would have been made aware of the complaint's contents on the same day. *See* Civil LR 7.1(E) ("If filing a document requires leave of the Court, the filing party must attach the proposed document as an exhibit to a motion to file."). As to the second and third grounds: There is no evidence to suggest that Hannant seeks leave to amend in bad faith, nor that she has repeatedly failed to cure deficiencies. Indeed, she has amended her complaint only one other time in this case, and she did so with the Hospital's consent and before it had filed an answer. (*See* Text Order dated Jan. 24, 2025.) Fourth and finally, the Hospital would not be prejudiced by Hannant's

amendment. That is because the Court's August 20 Order contemplated that Hannant may seek the court's leave to file an amended complaint to cure the deficiencies outlined in that order. (Doc. 24 at 37.) To be sure, the Hospital is correct that the Court did not intimate that Hannant "may file her amended pleading as a matter of right." (Doc. 28 at 2.) Given the Court's directive and the procedural posture of this case, however, the Hospital could anticipate that Hannant would likely amend her complaint, and it was not prejudiced when she ultimately did so.

The Hospital instead urges this Court to find that Hannant's amendment would be futile. An amendment is "futile" if the pleading, as amended, would not withstand a motion to dismiss. *Daniel v. PNC Bank, N.A.*, No. 18-cv-7454, 2020 WL 13609940, at *2 (N.D. Ill. Feb. 10, 2020). Courts generally require that the proposed amendment be "clearly futile" before they will deny a Rule 15 motion to amend. *Peoples v. Sebring Cap. Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002). The Hospital argues that Hannant's Second Amended Complaint does not cure the deficiencies outlined in this Court's August 20 Order. The Court disagrees.

Hannant's initial complaint asserted twelve counts, and the Court dismissed all but her two counts for negligence. (Doc. 24 at 37.) Hannant's proposed Second Amended Complaint re-pleads both negligence claims, as well as three of her dismissed claims—all of which arise under the Electronic Communications Privacy Act (the "ECPA"). (Doc. 27 at 10). The Court addresses each claim in turn.

**A. Hannant's § 2511 Claims**

The Court discussed the relevant standards under Federal Rule of Civil Procedure 12(b)(6) and the ECPA in its August 20 Order, and there is no need to

repeat that discussion here. (*See* Doc. 24 at 5–11.) In brief, the ECPA imposes liability on people who intercept electronic communications. *See* 18 U.S.C. § 2511(a). But the *parties* to those communications are not liable unless they intend to use them to commit a crime or tort. *See id.* § 2511(2)(d). Hannant's legal theory relies on this so-called crime-tort exception. She alleges that the Hospital intercepted electronic communications for the purpose of disclosing Hannant's information in violation of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d to d-9. In its August 20 Order, the Court explained that a plausible claim under HIPAA requires the plaintiff to allege that the defendant disclosed information "which both relates to a specific individual's health and reasonably can be used to identify that individual." (Doc. 24 at 7.) After analyzing the relevant caselaw, the Court found that Hannant's complaint lacked the requisite specificity:

> [Hannant] alleges that she "used the Website and Online Platforms to: find a specific physician, to research treatments, including information related to an MRI test, to search for treatment information; to find out how to obtain medical records; to use the patient portal, and more." But she *does not allege that she actually contacted any specific physician, that she actually obtained any of her medical records, nor even that she logged into the patient portal.*

(Doc. 24 at 9 (internal citations omitted).) To remedy those factual deficiencies, Hannant's Second Amended Complaint adds the following allegations:

> Defendant transmitted this information, including the name and location of her personal physician, the medical treatment she researched including information related to an MRI test, her treatment search information, her research on obtaining medical records, and her log in and use of the patient portal, to third parties like Google and Facebook
>
> . . .

> The information Defendant transmitted to third parties like Google and Facebook was used to target her with particular advertising associated with her particular health conditions.

(Doc. 27 at 37.)

The Hospital argues that this two-sentence addition to Hannant's ECPA claims—which it calls an "unsubstantiated assumption[]," (Doc. 31 at 6)—does not adequately address the Court's order. But courts "cannot engage in fact-finding" when assessing the sufficiency of a complaint. *In re Consol. Indus.*, 360 F.3d 712, 717 (7th Cir. 2009). More importantly, the Hospital's challenge to Hannant's amendment focuses more on its length than its substance. Upon review, Hannant's allegations seem to address two deficiencies previously outlined by the Court. First, by alleging that the Hospital transmitted the name and location of Hannant's personal physician, Hannant addresses the lack of allegations that she "contacted any specific physician." (Doc. 29 at 9.) Second, Hannant's allegation that she logged onto the Hospital's patient portal makes it more plausible that Hannant's interaction with the Hospital's website "relate[d] to the provision of health care." (Doc. 24 (citing *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-cv-01159, 2025 WL 692097, at *5–6 (W.D. Wash. Mar. 4, 2025)).)

In short, the primary defect with Hannant's ECPA claims was that they failed to plausibly allege that the Hospital disclosed identifying information related to Hannant's health. (*See* Doc. 24 at 7.) Hannant's new allegations—i.e., that the Hospital disclosed the name of her personal doctor and she availed herself of the Hospital's patient portal—confront this defect.

**B. Hannant's § 2702 Claim**

The next claim Hannant seeks to amend arises under a different provision of the ECPA—the "Stored Communications Act." Again, the Court will not recount its discussion of the relevant legal standards, which can be found in its August 20 Order. (*See* Doc. 24 at 11–14.) Suffice it to say that the viability of Hannant's claim turned "on whether [the Hospital] is plausibly an electronic communication service provider." (Doc. 24 at 12.) Because Hannant did not allege facts to suggest that the Hospital "facilitated two-way communications between herself and third parties," the Court concluded that the Hospital could not be liable under the Stored Communications Act. (Doc. 24 at 14.)

Hannant's Second Amended Complaint adds the following: "Defendant's Website facilitates two-way electronic communications between patients and third-party doctors." (Doc. 27 at 71.) The Hospital characterizes this allegation as the kind of "formulaic recitation of the elements of a cause of action" that will not survive a motion to dismiss, *Twombly*, 550 U.S. at 555, and urges the Court to disregard it because it tracks the language of both the Court's August 20 Order and other cases applying the same statute. *See In re BetterHelp, Inc.*, No. 23-cv-01033-RS, 2024 WL 450427, at *2 (N.D. Cal. Oct. 15, 2024).

True, courts are not bound by legal conclusions at the motion to dismiss stage. But Hannant's amendment is not a legal conclusion; it is an allegation that the Hospital provides a service that connects patients and doctors. The fact that a complaint alleges facts similar to those discussed in judicial opinions does not

automatically transform those factual allegations into legal conclusions, nor may this Court disregard Hannant's allegations because it does not believe them. This is not an instance where, for example, Hannant alleges that the Hospital "violated the Stored Communications Act" or that it "is an electronic service provider under the ECPA," both of which are undoubtedly conclusory. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 608 (2009) (explaining that a complaint's allegation of an "unlawful agreement" is a legal conclusion); *Challenger v. Local Union No. 1 of Int'l Bridge, Structural & Ornamental Ironworkers, AFL-CIO*, 619 F.2d 645, 649 (7th Cir. 1980) (characterizing as a legal conclusion plaintiff's allegation that the defendants "breached their fiduciary duties").

All this said, the Hospital makes persuasive arguments that Hannant's Second Amended Complaint—if subjected to close scrutiny on a Rule 12(b)(6) motion—may not pass muster. But courts around the country routinely find that "futility arguments made in opposition to the filing of an amended [complaint] are often better suited for consideration in the context of a motion to dismiss." *Chen v. Yellen*, No. 3:20-cv-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) (collecting cases); *see also Shambaugh & Son, L.P. v. Reichhart*, No. 1:23-cv-00213, 2023 WL 8597383, at *1–2 (N.D. Ind. Dec. 11, 2023) (finding that a futility analysis would be "premature because it would be better addressed in a motion to dismiss."); *Clark v. Deere & Co.*, No. 1:22-cv-1405, 2023 WL 2815922, at *2 (C.D. Ill. Apr. 6, 2023) (explaining, in a similar context, that the futility question is "better suited for more robust briefing (i.e., a motion to dismiss and response thereto)"). This makes sense: A Rule 15 motion

to amend is a poor vehicle to resolve futility arguments, especially when, as here, the party seeking the amendment has not been able to address them. (*See* Doc. 31 at 3 (explaining that Hannant's motion for leave did not address futility).) As the Supreme Court has put it: "[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Because the issues for decision have not been adequately framed by the parties here, resolving the Hospital's futility argument would be unwise. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & N.W. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (explaining the Seventh Circuit's preference for affording plaintiffs "at least one opportunity to try to amend" their complaints following a Rule 12(b)(6) dismissal).

In sum, the Court cannot be "certain from the face" of Hannant's Second Amended Complaint that the amendments are patently futile, *id.* at 520–21, so it will grant her motion for leave to amend. That said, the "granting of this motion should not be read as indicating any view as to the ultimate merits of the claims," the truth of the factual allegations, or the outcome of any other motion. *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 93 (N.D. Ill. 2008)

## III. The Hospital's Time to Respond

Finally, the Hospital asks—if the Court permits Hannant to amend—that the Hospital be given thirty days from the Court's ruling to respond to the Second Amended Complaint. Hannant does not object. (*See* Doc. 30 at 2 ("Plaintiff has no objection to staying Defendant's response deadline until 30 days after the Court's

ruling on amending the complaint.").) Given the circumstances discussed above, the Court finds this request reasonable and therefore grants it.

## Conclusion

IT IS THEREFORE ORDERED that the Hospital's (Doc. 28) Motion to Strike is GRANTED in part and DENIED in part. Hannant's Second Amended Complaint will not be stricken, and the Hospital must respond to the Second Amended Complaint on or by November 17, 2025. Hannant's (Doc. 29) Motion for Leave to File a Second Amended Class Action Complaint Nunc Pro Tunc is GRANTED.

*So ordered.*

Entered this 17th day of October 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge